**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOYCE RAE BRIGHT,

                Plaintiff,

vs.                                     Case No.  3:13-cv-1119-J-JRK

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

_____/

## OPINION AND ORDER[1]

### I.  Status

      Joyce Rae Bright ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is due to the following: "[s]evere head, neck[,] and back pain"; "[a]rthritis in spine"; "[c]an[]not stand or walk for very long"; "insomnia"; "[d]epression"; "[a]nxiety attacks"; "limited use of right side of body"; "PTSD"; "[b]ipolar"; "[w]eight limit five pounds"; and "2 cervical discs replaced w/cervical fusion w/5lb weight[.]"   Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed November 27, 2013, at 209.  On October 26, 2010, Plaintiff filed an application for DIB, alleging an

---

[1]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. <u>See</u> Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 17), filed March 5, 2014; Reference Order (Doc. No. 18), signed March 6, 2014 and entered March 7, 2014.

onset disability date of August 25, 2010.  Tr. at 162-65.[2]  Plaintiff's application was denied initially, see Tr. at 98, 100-03, and was denied upon reconsideration, see Tr. at 99, 106-08.

On April 3, 2012, an Administrative Law Judge ("ALJ") held a hearing at which Plaintiff, who was represented by counsel, and a vocational expert ("VE") testified.  Tr. at 44-96.  The ALJ issued a Decision on June 1, 2012, finding Plaintiff not disabled through the date of the Decision.  Tr. at 22-36.  The Appeals Council then received some additional medical evidence and correspondence from Plaintiff's attorney at the time.  Tr. at 5-6.  On July 22, 2013, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner.  On September 16, 2013, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal.  See Plaintiff's Brief (Doc. No. 15; "Pl.'s Br."), filed February 27, 2014.  The issues are: whether the ALJ erred in assigning great weight to the opinion of a physical therapist and then not adopting the entirety of the opinion in assigning Plaintiff's residual functional capacity ("RFC"); and whether the ALJ "erred in mechanically applying the Grid age rules" (20 C.F.R. pt. 404 subpt. P, app. 2 ("Grids")) when Plaintiff was "less than six months away from turning 55 which would have required a finding of disability under Grid Rule 202.06 . . . ."  Pl.'s Br. at 1 (emphasis and capitalization omitted).  On March 31, 2014, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.").  After a thorough review of the entire record and

---

[2]     The application summary in the administrative transcript is dated November 29, 2010 but indicates that Plaintiff completed her application on October 26, 2010.  Tr. at 162.

consideration of the parties' respective memoranda, the Commissioner's final decision is due to be reversed and remanded for further proceedings as explained herein.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004).  The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry.  See Tr. at 24-35.  At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since August 25, 2010, the alleged onset date."  Tr. at 24 (emphasis and citation omitted).  At step two, the ALJ found Plaintiff suffers from "the following severe impairments: degenerative disc disease; an anxiety disorder; major depressive disorder; and posttraumatic stress disorder[.]" Tr. at 24 (emphasis and citation omitted).  At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the

---

[3]       "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 24 (emphasis and citation omitted).

The ALJ determined Plaintiff's RFC as follows:

> [Plaintiff can] perform light work as defined in 20 CFR 404.1567(b) except []
> that [Plaintiff] is limited to only occasional climbing of ladders, ropes, or
> scaffolds and crouching (bending the legs and spine); is limited to only
> frequent climbing of ramps and stairs and stooping (bending at the waist);
> and is limited to only frequent reaching with both arms. [Plaintiff] is able to
> perform simple, routine, repetitive tasks; she is able to concentrate and
> persist for 2-hour segments; and she is limited to work that requires only
> occasional interaction with the public and co-workers.

Tr. at 26 (emphasis omitted). At step four, the ALJ found Plaintiff "is unable to perform any past relevant work" as "a salesperson; inventory clerk; and department manager." Tr. at 34 (emphasis and citation omitted). At step five, after considering Plaintiff's age ("52 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 34 (emphasis and citations omitted). Relying on testimony of the VE, the ALJ identified as representative jobs the following: "marker"; "order caller"; and "assembler[.]" Tr. at 35. The ALJ concluded that Plaintiff "has not been under a disability . . . from August 25, 2010, through the date of th[e D]ecision." Tr. at 35 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d

-4-

1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'"  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence."  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

As noted above, Plaintiff raises two issues on appeal.  Each is addressed in turn.

### A. Physical Therapist's Opinion

Plaintiff first contends the ALJ erred in assigning great weight to the opinion of John Goetze, a physical therapist, and then failing to account for every limitation assigned by Mr. Goetze in the RFC assessment.  Pl.'s Br. at 1, 10-15.  Plaintiff focuses on Mr. Goetze's opinion that Plaintiff is limited in the ability to lift in a forward manner, and on Mr. Goetze's opinion that Plaintiff is limited in the ability to sit and stand.  Id. at 12-13.  Defendant

counters that the ALJ was not required to "provide a detailed analysis of his consideration of the opinions of the non-medical source," and that to the extent the ALJ rejected a portion of Mr. Goetze's opinion, he "instead credited the opinions of Dr. Ponterio," a non-examining physician.   Def.'s Mem. at 8-9 (footnote omitted).   According to Defendant, "the ALJ appropriately gave greater  weight to the opinions of the acceptable medical source, Dr. Ponterio, and incorporated Dr. Ponterio's opinions into the RFC finding."   Id. at 9 (citation omitted).

The Regulations list acceptable medical "[s]ources who can provide evidence to establish an impairment." 20 C.F.R. §§ 404.1513(a), 416.913(a).  The acceptable medical sources are: (1) "[l]icensed physicians (medical or osteopathic doctors)"; (2) "[l]icensed or certified psychologists"; (3) "[l]icensed optometrists"; (4) "[l]icensed podiatrists"; and (5) "[q]ualified speech-language pathologists."   20 C.F.R. §§ 404.1513(a), 416.913(a). "[E]vidence from other sources [may be used] to show the severity of [the claimant's] impairment(s) and how it affects [the claimant's] ability to work." 20 C.F.R. §§ 404.1513(d), 416.913(d) (stating other sources may include "[m]edical sources" not otherwise listed, "[e]ducational personnel," "[p]ublic and private social welfare agency personnel," and "[o]ther non-medical sources"). Opinions from sources "who are not technically deemed 'acceptable medical sources' . . . are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-03p, 2006 WL 2329939, at *3. Generally, an ALJ "should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow

the [ALJ's] reasoning, when such opinions may have an effect on the outcome of the case." Id. at *6.

Mr. Goetze's report at issue is dated March 9, 2011.  Tr. at 528-37.  Mr. Goetze authored it after performing a functional capacity evaluation of Plaintiff on referral from Andrew Cannestra, M.D., Ph.D.  Tr. at 528.  Plaintiff reported during the evaluation that after a back surgery on August 25, 2010, she underwent physical therapy "with limited success[.]" Tr. at 528.  Plaintiff also reported that she had "run out of physical therapy benefits[.]"  Tr. at 536.

In terms of Plaintiff's functional capacity, Mr. Goetze made the following findings that are relevant to Plaintiff's argument on appeal.  Plaintiff can frequently reach upward and occasionally reach outward.  Tr. at 535.  Plaintiff can occasionally sit or stand.  Tr. at 535.  Although the terms "frequently" and "occasionally" are not specifically defined for the findings at issue, they are defined elsewhere in the report.  "Frequently" is defined as 34-66% of the day; "Occasionally" is defined as 0-33% of the day.  Tr. at 535, 537, 537 n.3.  Overall, Mr. Goetze found "a current work capacity characterized by the Light Physical Demand Level for work above the waist and the Medium Light Physical Demand Level for work below the waist."  Tr. at 536.

In discussing the medial evidence, the ALJ stated as follows regarding Mr. Goetze's report:

> [Plaintiff's] neurosurgeon deferred a statement on [Plaintiff's] functional capacity to a functional capacity evaluation by a physical therapist.  On examination, the physical therapist noted increase deep tendon reflexes, some decrease cervical range of motion, grip strength decreased by greater than 15 percent in the right upper extremity as compared to the left.  Based on this, the examiner opined

> that [Plaintiff] was capable of light physical demand level for work above the waist and medium light physical demand level for work below the waist.

Tr. at 28 (citation omitted).  Then, when assigning weight to the various opinions of record, the ALJ stated the following with regard to Mr. Goetze's opinion:

> As noted, [Plaintiff] was deemed capable of light physical demand level for work above the waist and medium light physical demand level for work below the waist after a functional capacity evaluation by a physical therapist.  This opinion is given great weight as it was rendered after a detailed examination and is consistent with the evidence of record.  The residual functional capacity is generally consistent with this evaluation.

Tr. at 33 (citations omitted).

The ALJ limited Plaintiff in the RFC to light work with additional restrictions.  Tr. at 26. Light work, by definition, requires "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls."  20 C.F.R. § 404.1567(b). As far as the additional restrictions, pertinent to this appeal, the ALJ limited Plaintiff to "frequent reaching with both arms."  Tr. at 26.

Even though the Regulations and the applicable Social Security Ruling do not require an ALJ to afford particular deference to opinions of non-acceptable medical sources, they require an ALJ to consider the evidence and to ensure a reviewer can follow the reasoning behind the decision as it relates to those sources.  There is arguably even more of a burden placed on the ALJ to ensure proper consideration of Mr. Goetze's opinion here because, as the ALJ recognized, Plaintiff's "neurosurgeon deferred a statement on [Plaintiff's] functional capacity to a functional capacity evaluation by a physical therapist [(Mr. Goetze)]."  Tr. at 28.

The ALJ elected to assign "great weight" to the opinion of Mr. Goetze. Having done so, the ALJ should have adopted all of Mr. Goetze's assigned limitations or explained why he was not adopting all of them. The ALJ stated that the RFC is "generally consistent with th[e] evaluation" by Mr. Goetze. Tr. at 33. The RFC, however, only limits reaching to "frequent," or 34-66% of the day, Tr. at 26 (emphasis omitted), when Mr. Goetze limited Plaintiff's outward reaching to "occasional," or only 0-33% of the day. The ALJ did not limit Plaintiff's sitting or standing, except for the assignment of light work. Tr. at 26. Also, in the hypothetical to the VE, the ALJ stated that Plaintiff could "stand or walk six hours and sit six hours in an eight hour workday" and was limited to "frequent reaching overhead with both arms." Tr. at 88-89. Neither of these limitations is consistent with the limitations assigned by Mr. Goetze.[4]

The ALJ's discussion of Mr. Goetze's evaluation does not explain why he credited only some of Mr. Goetze's assigned limitations. The ALJ just summarized a few examination findings and Mr. Goetze's overall conclusion. Tr. at 28; see also Tr. at 33. So, to the extent the ALJ rejected some limitations that Mr. Goetze assigned, the undersigned cannot tell why. It is possible that the ALJ did not even consider all of the functional limitations assigned by Mr. Goetze, and instead relied solely on the overall conclusion regarding the level of work Plaintiff can perform. To state that Mr. Goetze's opinion was being given great weight and to fail to actually assign great weight to the entirety of it was error.

---

[4]    Defendant concedes the ALJ did not fully adopt Mr. Goetze's opinion, because Defendant recognizes that "[t]he ALJ did not credit the other opinions in [Mr. Goetze's] FCE with respect to sitting, reaching, standing or other abilities and instead credited the opinions of Dr. Ponterio." Def.'s Mem. at 9.

The error here was not harmless, either.  In response to the hypothetical, the VE opined Plaintiff could perform the jobs of marker; order caller; and assembler, electrical accessories I.  Tr. at 90.  Plaintiff correctly points out that, at the very least, all three of these jobs require frequent reaching.  Pl.'s Br. at 13, Exs. A, B, C.  In other words, the VE identified jobs that require more reaching than Mr. Goetze opined Plaintiff is able to do.

In light of the foregoing, the matter is due to be reversed and remanded.  On remand, the ALJ should reconsider Mr. Goetze's opinion and repose a hypothetical to a VE that incorporates all assigned limitations.[5]

## B.  Consideration of Grids

Plaintiff next contends the ALJ should have at least considered whether Plaintiff's "borderline age" should have put her into the next age category under the Grids.  Pl.'s Br. at 15.  The ALJ applied Rule 202.14 to determine that Plaintiff is not automatically deemed disabled under the Grids, Tr. at 35, and then relied on the testimony of the VE to determine there are jobs in the national economy that Plaintiff can perform.  Rule 202.14 applies to individuals who are "Closely approaching advanced age," defined by the Rules as fifty to fifty-four years of age.  Rule 202.14; Rule 202.00(d); see also 20 C.F.R. § 404.1563(d).  According to Plaintiff, because she was "less than six months from being disabled under the . . . advanced age Grids," the ALJ should have at the very least considered whether to apply the advanced age Grid.  Pl.'s Br. at 17 (emphasis omitted).

In this regard, the Regulations provide:

---

[5]     Plaintiff also questions whether she can perform these jobs with Mr. Goetze's assigned sitting and standing limitations.  Pl.'s Br. at 13.  The undersigned need not resolve that concern, however, because this matter is due to be remanded for further consideration of Mr. Goetze's opinion.

(b) How we apply the age categories.  When we make a finding about your ability to do work under § 404.1520(f)(1), we will use the age categories in paragraphs (c) through (e) of this section.  We will use each of the age categories that applies to you during the period for which we must determine if you are disabled.  We will not apply the age categories mechanically in a borderline situation.  <u>If you are within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that you are disabled, we will consider whether to use the older age category after evaluating the overall impact of all the factors of your case.</u>

20 C.F.R. § 404.1563(b) (emphasis added).

Because this matter is due to be remanded for further consideration and in light of the dictates of the Regulations, on remand, the ALJ shall also consider whether to apply the older age category of the Grids.

### V.  Conclusion

Upon due consideration, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)      Reconsider Mr. Goetze's opinion and repose a hypothetical to the vocational expert that includes all assigned limitations;

(B)      Consider whether to apply the older age category of the Grids; and

(C)      Take such other action as may be necessary to resolve this matter properly.

2.      The Clerk is further directed to close the file.

3.     In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b)).

**DONE AND ORDERED** at Jacksonville, Florida on May 7, 2014.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

kaw
copies to:
counsel of record